IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 7, 2010

## KENDRICK D. RIVERS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-09-43      Donald H. Allen, Judge**

**No. W2010-00489-CCA-R3-PC  -  Filed March 25, 2011**

The petitioner, Kendrick D. Rivers, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief. The petitioner was convicted of possession of cocaine with intent to sell, resisting arrest, evading arrest, and criminal trespass. Following a sentencing hearing, he was sentenced to serve an effective term of twelve years in the Department of Correction. On appeal, the petitioner asserts that he was denied his right to the effective assistance of counsel, specifically arguing that trial counsel was ineffective for failing to meet with the petitioner a sufficient number of times and to properly investigate the case. Following review of the record, we find no error and affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender, for the appellant, Kendrick D. Rivers.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

The relevant facts underlying the petitioner's convictions, as recited on direct appeal,

are as follows:

> The [petitioner's] convictions relate to an incident on January 17, 2004, in Jackson, Tennessee. On that evening, Jackson Police Officer Roland James was on routine patrol in Parkview Courts, a housing property owned and managed by the Jackson Housing Authority, when he observed the [petitioner] standing with a group of individuals. Because Officer James knew that the [petitioner] had been placed on the "no trespass list" for Parkview Courts, he stopped his patrol car and asked the [petitioner] to stop. At that point, the [petitioner] "took off running," and Officer James gave chase and called for backup. Officer James testified that as he chased the [petitioner,] he saw the [petitioner] throw down "a plastic bag that may have contained narcotics." Officer James did not stop to retrieve the bag and instead continued to chase the [petitioner] until he "caught up with [the petitioner] when he tried to get into a yellow Cadillac." The two men struggled, and Officer James "pulled [his] gun out and stuck it in [the petitioner] and asked him to come out [of] the vehicle." With assistance from fellow officer Marvin Brooks, Officer James was eventually able to place the [petitioner] in custody. A search of the [petitioner's] person revealed several clear plastic baggies, a cellular telephone, $1100, and "a box of sandwich wrap plastic bags in his back pocket." Officer James explained that "most of your drug dealers and pushers will use sandwich bags to separate the cocaine or the crack and wrap it individually so that they can distribute it or sell it."

> Upon searching the area where the [petitioner] had jettisoned his package, the officer discovered a plastic bag containing [what was later determined to be 20.2 grams of cocaine.] . . .

> During cross-examination, Officer James conceded that there were other people congregated in the general area where the plastic bag of cocaine was found. He also acknowledged that he did not request a fingerprint examination of the plastic bag.

*State v. Kendrick D. Rivers*, No. W2006-01120-CCA-R3-CD, 2008 WL 65311 at *1 (Tenn. Crim. App., at Jackson, Jan. 7, 2008). Based upon these actions, a Madison County grand jury indicted the petitioner for possession of cocaine with intent to sell, possession with intent to deliver, resisting arrest, evading arrest, and criminal trespass. Following a jury trial, the petitioner was found guilty on all counts as charged. The trial court subsequently merged the two possession convictions and imposed an effective sentence of twelve years in the Department of Correction. A panel of this court affirmed the convictions and sentence on

direct appeal. *Id*.

Thereafter, the petitioner filed a timely *pro se* petition for post-conviction relief in which he raised numerous claims of error. Counsel was appointed, and a hearing was held during which only trial counsel and the petitioner testified. At the hearing, the petitioner limited his proof to the issue of ineffective assistance of counsel. The petitioner testified that he retained trial counsel, whom he had hired on previous occasions, to represent him in this case. He stated that trial counsel met with him only once, the day before the trial was held, at the county jail. According to the petitioner, trial counsel asked the petitioner on that occasion "what was [his] defense." The petitioner stated that he had previously given trial counsel the name of a possible defense witness, Travis Cole, who would testify that the drugs found belonged to him and not the petitioner. On cross-examination, the petitioner acknowledged that trial counsel did, in fact, subpoena Mr. Cole, who took the stand in the case and immediately asserted his fifth amendment privilege against self-incrimination.

The petitioner's main contention was that trial counsel failed to sufficiently attack discrepancies between the various police documents, *i.e.*, the affidavit of complaint and the police report. In one of the two documents, the officer stated that the petitioner had thrown the drugs during the chase, while the officer stated in the other document that the drugs were thrown while the petitioner was struggling with the officer. Additionally, in one statement, the officer referred to the bag of drugs as white or clear plastic, and, in the other, he stated the bag was black. The petitioner testified that he felt that if trial counsel had fully investigated the case, he would have been more prepared to properly cross-examine Officer James regarding the discrepancies and to establish that the officers had fabricated their testimony. However, the petitioner acknowledged that trial counsel did question the officers about the discrepancies at trial.

Trial counsel testified and stated that he met with the petitioner on two to three occasions at the county jail prior to the petitioner being transferred to the Department of Correction in a separate case. Trial counsel testified that he obtained discovery and discussed the case with the petitioner. He stated that he did not file a pretrial motion to suppress as he felt there was no merit to such a motion. Trial counsel testified that he was aware that there were inconsistencies in the various police reports and that he discussed these inconsistencies with the petitioner. He stated he met with the officers involved in the case and that he felt prepared for trial. Trial counsel disagreed with the petitioner and felt that he had sufficiently brought the discrepancies in the documents to the jury's attention.

Trial counsel also testified regarding Travis Cole. He opined that, after he was given Mr. Cole's name, he located him and met with him. He stated that, based upon that interview, he believed that Mr. Cole was going to claim responsibility for the drugs when he

testified at trial. When Mr. Cole took the stand and asserted his privilege, trial counsel was completely surprised.

After hearing the proof presented, the post-conviction court found that the petitioner was not entitled to relief and denied the petition. This appeal followed.

**Analysis**

On appeal, the petitioner has raised the single issue of ineffective assistance of counsel. To succeed on a challenge of ineffective assistance of counsel, the petitioner bears the burden of establishing by clear and convincing evidence the allegations set forth in his petition. T.C.A. § 40-30-110(f) (2006). The petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the petitioner must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id*. at 461. "[A] trial court's findings of fact underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, conclusions of law are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id*.

The petitioner asserts that the post-conviction court erred in denying him relief as trial

-4-

counsel was deficient and that prejudice resulted. The petitioner first makes the conclusory allegation that trial counsel failed to meet with him a sufficient number of times prior to trial. He also contends that trial counsel's failure to properly investigate the case led to his being ill-prepared to cross-examine Officer James about the discrepancies in the reports. The petitioner asserts that if trial counsel "had met with the petitioner more often, he would have gained a better understanding of the facts of the case . . . [and] would have therefore been better prepared to present the petitioner's defense to a jury, which would likely have resulted in an acquittal for the petitioner."

In denying relief, the post-conviction court, specifically accrediting the testimony of trial counsel, found that the petitioner had failed to establish either prong required for ineffective assistance of counsel. After a thorough review, we must conclude that nothing in the record before us preponderates against those findings. Trial counsel testified that he met with the petitioner two to three times in the months prior to trial and discussed the case with him. He stated that even if he should have met with the petitioner more, he did not feel it would have changed his actions at trial. He testified that he interviewed the relevant witnesses, obtained discovery, and worked out a defense strategy to pursue at trial, based upon Mr. Cole's testimony and a plan to inform the jury with regard to the discrepancies in the police reports. According to trial counsel, he was as prepared as he could be for trial. Trial counsel also testified that he believed he had sufficiently raised the discrepancies before the jury during his cross-examination of the officers.

The defendant acknowledges that trial counsel was aware of the discrepancies and that he brought them out on cross-examination. However, his argument, as characterized by the State, is that trial counsel should have tried harder. That argument does not entitle the petitioner to relief. He has failed to put forth any evidence to establish either that trial counsel was deficient or that prejudice inured. Under these circumstances, no relief is merited.

**CONCLUSION**

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE